Matter of Costello (2019 NY Slip Op 04380)





Matter of Costello


2019 NY Slip Op 04380


Decided on June 5, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2016-07640 

[*1]In the Matter of Joseph Richard Costello, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Joseph Richard Costello, respondent. (Attorney Registration No. 2897262)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. By decision and order on motion dated December 21, 2016, the Court, on its own motion, authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent. The Grievance Committee served the respondent with a verified petition dated January 10, 2017. The respondent served and filed a verified answer dated February 17, 2017. Subsequently, the parties filed a joint stipulation of undisputed facts dated May 12, 2017, pursuant to 22 NYCRR 1240.8(a)(2). By decision and order on application dated June 1, 2017, the issues raised were referred to John P. Clarke, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 30, 1998.



Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.
Scalise & Hamilton, Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the petitioner) served the respondent with a verified petition dated January 10, 2017, containing two charges of professional misconduct. Related disciplinary proceedings were commenced against the respondent's law partner (see Matter of Costello, _____ AD3d _____ [decided herewith]). On December 4, 2017, a joint pretrial conference was held, during which the respondent and his law partner, who are separately represented, agreed that there should be separate hearings for each matter. In a report dated July 25, 2018, the Special Referee sustained all charges against the respondent. The petitioner moves to confirm the Special Referee's report, which sustained the charges, and to impose such discipline as this Court deems just and proper. The respondent's counsel has submitted an "affirmation in support of sanction" together with a memorandum of law requesting this Court to impose a public censure.
The Petition
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
At all times relevant to the petition, the respondent was a partner with his father, Joseph George Costello (hereinafter together the partners), in Costello & Costello, P.C., a law firm [*2]in Brooklyn (hereinafter the firm). The firm maintained an attorney escrow account at TD Bank, account number ending in x-8885, entitled "Costello & Costello, P.C. Attorney Trust Account" (hereinafter the escrow account). A second attorney escrow account was maintained by the firm at TD Bank, account number ending in x-0998. Both of the partners were signatories on the escrow accounts.
In or about 2011, the respondent was retained to represent Michael Donahue at a real estate closing. After the closing, on or about November 3, 2011, monies totaling $680,388 were deposited into the escrow account on behalf of Donahue. Shortly thereafter, the respondent issued Donahue three escrow checks in the sum of $250,000, $200,000, and $1,638.70, respectively. Two of the Donahue escrow checks were promptly presented for payment and cleared the escrow account. The check payable to Donahue for $200,000 was not presented for payment until June 19, 2012, approximately six months after it was issued. On March 12, 2012, approximately three months prior to that check being presented for payment, the balance in the escrow account had fallen to $180,572.89. When the $200,000 check was presented for payment on June 19, 2012, the balance in the escrow account was $106,878.23.
Charge two alleges that respondent failed to maintain the required bookkeeping records for his attorney escrow accounts, in violation of rule 1.15(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
The respondent allegedly failed to maintain accurate records of all deposits in and withdrawals from his attorney escrow accounts, and failed to accurately record the date, source, and description of each deposited item, as well as the date, payee, and purpose of each withdrawal or disbursement.
The Hearing Evidence
During his testimony, the respondent described the division of responsibilities between the partners. The respondent's father handled the day-to-day administrative work of the firm, and the respondent primarily handled the litigation work for the firm. As to the firm's bank and bookkeeping practices, the respondent admitted that the escrow account was not reconciled. When there was a real estate closing, the respondent states that he and his father would "rough guess it in the head or call the bank to see if the funds were available . . . in the account."
In June 2012, the respondent discovered a negative balance in the escrow account, and immediately informed his father, who wired personal funds into the escrow account. The respondent testified that prior to this discovery, his attention was focused on multiple familial difficulties, which led to his absence from the office. The respondent stated that he did not know the cause of the escrow account deficiency, and Donahue had not complained to him about the deficiency. The respondent attributed the escrow account shortage to "sloppy bookkeeping." He testified that in retrospect, the partners should have reviewed the escrow account when the negative balance was discovered. The respondent later learned that even though there were insufficient funds in the escrow account when the $200,000 check was presented, the check nevertheless cleared, as there was overdraft protection on the escrow account. The respondent testified that he became aware of the overdraft protection only after he was questioned about it by the Grievance Committee. He has since had the overdraft protection removed from the escrow account.
The respondent further testified at the hearing that with guidance from his legal counsel, the respondent has now implemented changes to his practices, including reconciling his accounts on a regular basis, using ledger and disbursement forms, and having the bookkeeper double check entries and prepare a reconciliation report, which the respondent reviews along with the client file. The respondent regularly reviews the escrow account balance to confirm that there are sufficient funds for any upcoming transactions.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.
In determining the appropriate measure of discipline, we find that the respondent failed to abide by the rules governing the maintenance of attorney special accounts for an extended period, by failing to maintain contemporaneous records as required by rule 1.15(d) of the Rules of Professional Conduct (22 NYCRR 1200.0) and to regularly reconcile the escrow account. As a result of his failure to comply with his fiduciary obligations, a substantial shortage occurred in the escrow account. In mitigation, we have considered, among other things, the respondent's junior [*3]position in the firm and his law partner's role as the administrator of the office, the respondent's efforts to ensure the misappropriated client funds were restored to the escrow account, the remedial actions taken to institute proper bank and bookkeeping practices to avoid reoccurrence, his expressed remorse, the personal difficulties the respondent experienced contributing to his absence from the office, the character evidence, and his unblemished disciplinary record. Under the totality of the circumstances, the respondent's conduct warrants his suspension from the practice of law for a period of six months (see Matter of Steinberg, 143 AD3d 138; Matter of Conroy, 140 AD3d 18).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Joseph Richard Costello, is suspended from the practice of law for a period of six months, commencing July 5, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 8, 2019. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Joseph Richard Costello, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Joseph Richard Costello, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Joseph Richard Costello, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court